UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT
PENSACOLA DIVISION

EARNEST J. SINGLETARY,

    Plaintiff,

v.

                                  CASE NO.: 3:11-cv-00321-MCR/EMT

CITY OF CRESTVIEW, FLORIDA, a
municipal corporation, and JANICE F.
YOUNG, as City Clerk and individually,
and MAYOR DAVID CADLE, in his
official capacity,

    Defendants.
_____/

## MOTION TO DISMISS

Defendants CITY OF CRESTVIEW, FLORIDA, a municipal corporation, JANICE F. YOUNG, as City Clerk and individually, and MAYOR DAVID CADLE, in his official capacity, move this Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) due to his failure to state a claim upon which relief can be granted. In addition, Defendant JANICE F. YOUNG, individually, moves this Court to dismiss Plaintiff's Complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). In support of their motions, Defendants state as follows:

    1.    Plaintiff filed a one count Complaint alleging a violation of his due process rights as a full-time Equipment Operator stemming from his termination for refusing to submit to a drug test.

2. Plaintiff cites a detailed analysis of the circumstances leading up to his termination, and then provides a conclusory allegation that "SINGLETARY was deprived of his property right inherent in his full-time job as an Equipment Manager with the CITY OF CRESTVIEW without proper due process under the law." [Complaint ¶20].

3. Although not specifically articulated, Defendants interpret Plaintiff's Complaint to allege that his due process rights were violated by the following actions:

    a. the City's application to Plaintiff of a policy that was adopted after he was hired; and

    b. the City's attempt to subject Plaintiff to a drug test even though he had not been injured on the job.[1]

4. Rule 12(b)(6) provides for dismissal of a pleading which fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The pleading requirements direct that a complaint must give the defendant fair notice of what plaintiff claims and the grounds supporting each claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a) and 10(b). A complaint should be dismissed where plaintiff cannot establish any meritorious claim against defendant under any theories proposed in his pleading. *Nevels v. Wilson*, 402 F.2d 479 (5th Cir. 1968).

5. Plaintiff's Complaint should be dismissed against all Defendants for

---

[1] Plaintiff's interpretation that the City may only drug test following an on the job injury finds no support in the policy itself. Plaintiff's argument of when an employee is subject to a drug test is nothing more than his own reading or interpretation of the Policy.

failure to state a claim upon which relief can be granted because neither the allegations nor any set of facts contained within the Complaint establish any violation of Plaintiff's due process rights.

6. Defendant JANICE F. YOUNG, resigned her position as City Clerk effective July 31, 2009. Service of Process on JANICE F. YOUNG, individually, was allegedly effectuated on August 1, 2011 by service at her place of employment.

WHEREFORE, Defendants CITY OF CRESTVIEW, FLORIDA, a municipal corporation, JANICE F. YOUNG, as City Clerk and individually, and MAYOR DAVID CADLE, in his official capacity, request this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted; Defendant JANICE F. YOUNG, individually, requests this Court dismiss Plaintiff's Complaint for insufficient service of process.

## MEMORANDUM OF LAW

In accordance with N.D. Fla. Loc. R. 7.1(A), the following Memorandum of Law is offered in support of this Motion to Dismiss.

**I.  Plaintiff's Complaint should be dismissed for failure to state a cognizable claim.**

A complaint should be dismissed where the plaintiff cannot establish any meritorious claim against defendant under any theories proposed in his pleading. *Nevels v. Wilson*, 402 F.2d 479 (5th Cir. 1968).

**A.  Plaintiff's allegation that his procedural due process**

**rights[2] were violated by the City when it attempted to apply a policy adopted after he had been hired fails to state a claim upon which relief can be granted.**

It is a longstanding and well-established principal that procedural due process is not required for legislative acts. *Bi-Metallic Inv. Co. v. State Bd. Of Equalization*, 239 U.S. 441 (U.S. 1915). "Where a rule of conduct applies to more than a few people, it is impracticable that everyone should have a direct voice in its adoption. The Constitution does not require all public acts to be done in town meeting or an assembly of the whole. General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard." *Bi-Metallic*, 239 U.S. at 445. To determine whether an act is legislative in nature, courts look to the following factors; 1) whether the act involves policy making; 2) the number of people the act applies to; and 3) the function performed by the decision maker in implementing the act. *DeKalb Stone, Inc. v. County of DeKalb, Ga.*, 106 F.3d 956, 959 (11th Cir. 1997).

Applying this analysis to the instant case leads to the unmistakable

---

[2] Plaintiff does not specify whether he is claiming a violation of his procedural or substantive due process rights, and Defendants interpret Plaintiff's complaint as alleging only a violation of his procedural due process rights. However, should Plaintiff claim a violation of his substantive due process rights, his claim must fail. The Eleventh Circuit does not recognize a cause of action for substantive due process predicated on a right created by state law. *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994) (en banc) (holding "areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because substantive due process rights are created only by the Constitution.") Plaintiff cannot bring a substantive due process claim in the instant case because his only claim is based on his state law created property right to his employment.

conclusion that the City's creation of the Drug Free Workplace policy was a legislative act. The act involved the creation of policy, applied to all persons employed by the City, and was passed by the City Commission.

A legislative act may be applied to any individual so long as it is not arbitrary and capricious, even if the act affects the terms and conditions of a previously conferred property right. *75 Acres, LLC v. Miami-Dade County, Fla.*, 338 F.3d 1288, 1296 (11th Cir. 2003) (upholding the application of a building moratorium even though said act affected the property rights of landowners). This in no way limits the ability of the state/employer to pass legislative acts that affect the term or condition of a property right, and from applying the new policies going forward. *Hearn v. Board of Public Educ.*, 191 F.3d 1329, 1330 (11th Cir. 1999) (Finding employee properly subjected to Drug Free Workplace policy even though employee hired prior to enactment of policy). *See also, Bi-Metallic* 239 U.S. at 445 ("[Legislative acts] within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin.")

The City's implementation of a Drug Free Workplace policy was a legislative act, and Plaintiff was not entitled to any procedural due process rights. Therefore, Plaintiff's argument that the City violated his procedural due process rights when it adopted and applied a policy to him after his date of hire fails to state a claim upon which relief can be granted. Indeed, such a law would create an absurd result requiring an employer to either one, never change its policies, or two, fire and re-hire all employees every time it decided to change a policy.

>   B.  Plaintiff's allegation that the City attempted to subject him to a drug test even though he had not been injured on the job, fails to state a due process violation.

Even if Plaintiff's contention that he could not be subjected to a drug test under the circumstances detailed in the Complaint is correct, his claim still fails to set forth a due process violation.

> The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the <u>exercise of an employee's constitutionally protected rights</u>, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.

*Bishop v. Wood,* 426 U.S. 341, 349-50 (1976).

When examining whether an employer has violated a plaintiff's procedural due process rights, the court is confined to looking at whether there was 1) a deprivation of a constitutionally protected liberty or property interest; 2) state action; and 3) constitutionally inadequate process. *Foxy Lady, Inc. v. City of Atlanta,* 347 F.3d 1233, 1236 (11th Cir. 2003). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976). Therefore, "only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation arise." *McKinney v. Pate,* 20 F.3d 1550, 1556 (11th Cir. 1994).

Plaintiff does not allege that he was denied any opportunity to be heard or any particular process. To the contrary, Plaintiff's Complaint is replete with instances in which the City provided Plaintiff an opportunity to be heard.[3] Plaintiff's failure to allege any inadequate process is fatal to any procedural due process claim. Plaintiff's Complaint fails to state a cognizable procedural due process violation.

**II.     Plaintiff's Complaint should be dismissed for insufficient service of process as to Defendant JANICE F. YOUNG, individually.**

Plaintiff attempted to effectuate service of process on Defendant JANICE F. YOUNG, individually, by serving her at her place of employment on August 1, 2011. Attached hereto as Exhibit A is Proof of Service as to Defendant Young. Defendant Young had officially resigned her position as City Clerk effective July 31, 2011. Plaintiff has failed to provide sufficient service of Process on Defendant Young, individually, and Plaintiff's Complaint should be dismissed as to Janice Young, individually, for insufficient service of process, or in the alternative this Court should quash service as to Defendant Young, individually.

**III.    Conclusion**

Plaintiff fails to set forth a violation of his procedural due process rights. Plaintiff's complaint fails to meet these requirements. Plaintiff cannot establish any meritorious claim against Defendants under any theories proposed in his

---

[3] Plaintiff admits that he was provided an opportunity to voice his concerns prior to his termination. [Complaint, 14-15]. In addition, Plaintiff admits that the City maintains a grievance procedure for employees to voice their complaints and state their case, a procedure in which Plaintiff participated. [Complaint, ¶7].

pleading. In addition, Plaintiff's Complaint should be dismissed as to Defendant Young, individually, for insufficient service of process. The Complaint should therefore be dismissed.

### Certificate of Compliance

Pursuant to N.D. Fla. Loc. R. 7.1(B), counsel for Defendants conferred with counsel for Plaintiff in a good faith effort to resolve by agreement the issues raised in this motion but they were unable to come to a mutually agreeable resolution.

Respectfully submitted this 22nd day of August 2011.

COPPINS MONROE
ADKINS & DINCMAN, P.A.

*s/ Zackery A. Scharlepp*
Gwendolyn P. Adkins; FBN: 0949566
Zackery A. Scharlepp, FBN: 0085374
P. O. Drawer 14447
Tallahassee, Florida 32317-4447
Telephone:  (850) 422-2420
Facsimile:  (850) 422-2730
gadkins@coppinsmonroe.com
zscharlepp@coppinsmonroe.com

ATTORNEYS FOR DEFENDANTS

### CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*/s/ Zackery A. Scharlepp*
Attorney