UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT
PENSACOLA DIVISION

EARNEST J. SINGLETARY,

    Plaintiff,

v.

                                          CASE NO.: 3:11-cv-00321-MCR/EMT

CITY OF CRESTVIEW, FLORIDA, a
municipal corporation, and JANICE F.
YOUNG, as City Clerk and individually,
and MAYOR DAVID CADLE, in his
official capacity,

    Defendants.
_____/

## MOTION TO DISMISS

    Defendant, JANICE F. YOUNG, as City Clerk, moves this Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) due to his failure to state a claim upon which relief can be granted. In support of her motion, Defendant states as follows:

    1.    Plaintiff filed a one count Amended Complaint alleging a violation of his due process rights as a full-time Equipment Operator stemming from his termination for refusing to submit to a drug test.

    2.    Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983.

3. A municipality can only be liable under section 1983 when the Plaintiff is able to prove that the entity had an official custom, policy or practice to deprive individuals of their constitutional rights.

4. Plaintiff filed suit against Janice F. Young, as City Clerk. A suit against an individual in their official capacity is identical to a suit against the municipality, and the same requirements of establishing an official policy, custom or practice apply. *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985

5. Plaintiff does not allege that the City Clerk has an official custom, policy or practice of depriving individuals of their constitutional rights.

6. Rule 12(b)(6) provides for dismissal of a pleading which fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

7. Plaintiff's Complaint should be dismissed in its entirety against Janice F. Young, as City Clerk, for failure to state a claim upon which relief can be granted because neither the allegations nor any set of facts contained within the Complaint establish any custom, policy or practice of the City Clerk in denying individuals their due process rights.

**WHEREFORE**, Defendant JANICE F. YOUNG, in her official capacity as City Clerk, requests this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), Northern District of Florida, the undersigned counsel for Defendant conferred with Plaintiff's counsel, Gary Lee

Printy, Esq., in an effort to resolve the issues presented herein. No agreement was reached.

## **MEMORANDUM OF LAW**

In accordance with N.D. Fla. Loc. R. 7.1(A), the following Memorandum of Law is offered in support of this Motion to Dismiss.

### I.      **Standard on a Motion to Dismiss.**

In deciding a motion to dismiss, the Court assumes that all the allegations in the complaint are true and construes all the facts in favor of the plaintiff. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir.2005) (citation omitted). Nonetheless, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the "claim has facial plausibility." *Id.* The Court must disregard "[l]egal conclusion[s] couched as [ ] factual allegation[s]" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949–51. Finally, the Court must consider the remaining well-pleaded factual allegations to determine if they "plausibly" suggest an entitlement to relief. *Id.* at 1950.

II.     **Plaintiff fails to state a claim for the violation of his due process rights under 42 U.S.C. § 1983.**

Singletary alleges that Janice Young, as City Clerk, violated his rights to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution [Amended Complaint, Doc. 14.1, p. 7]. The Amended Complaint fails to state a cause of action under 42 U.S.C. § 1983.

"A local government cannot be held liable for its employees' acts under § 1983 on a theory of respondeat superior; the liability must be founded on an official policy or custom." *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., Fla.*, 956 F.2d 1112, 1125 (11th Cir. 1992) (citing *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978)). *See also Harvey v. City of Stuart*, 296 Fed. Appx. 824, 826 (11th Cir. 2008)

Section 1983's official policy or custom of policy requirement is applicable to Singletary's procedural due process claim. *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., Fla.*, 956 F.2d 1112, 1125 (11th Cir. 1992) (corrections officer's procedural due process claim failed for lack of evidence of an official policy or custom on the part of his employer, Alachua County, Florida).

A suit against an individual in their official capacity is identical to a suit against the municipality, and the same requirements of establishing an official policy, custom or practice apply. *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) ("Official-capacity suits [ ] generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as

4

the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.")

In this case, Singletary's Complaint is devoid of any allegation that (1) Janice Young had final policymaking authority,[1] or (2) that the City Clerk had an official policy or widespread custom to deny employees access to the grievance procedures to which he may have been entitled. This alone is sufficient for dismissal. *Nettles v. Pensacola Police Dep't*, 423 F. App'x 853, 855 (11th Cir. 2011); *Porter v. Duval Cnty. Sch. Bd.*, 406 F. App'x 460 (11th Cir. 2010); *Watson v. Lockette*, 379 F. App'x 822 (11th Cir. 2010).

---

[1] "The distinction between final decisionmaker and final policymaker is crucial in determining when liability attaches to municipalities in § 1983 cases, because the 'final policymaker' inquiry addresses who takes actions that may cause the municipality to be held liable for a custom or policy. Whereas the 'decisionmaker' inquiry addresses who has the power to make official decisions and, thus, be held individually liable." *Russell v. Public Health Trust*, 2009 U.S. Dist. LEXIS 34315 (S.D. Fla. Apr. 6, 2009) (internal quotations omitted) (quoting *Quinn v. Monroe County*, 330 F.3d 1320, 1326 (11th Cir. 2003)). Moreover, "[t]he mere delegation of authority to a subordinate to exercise discretion is not sufficient to give the subordinate policymaking authority." *Battiste v. Lamberti*, 571 F. Supp. 2d 1286, 1314 (S.D. Fla. 2008). *See also Maschmeier v. Scott*, 269 Fed. Appx. 941, 943 (11th Cir. 2008) ("A municipal official is not a final policymaker when his or her decisions are subject to meaningful administrative review."). Thus it cannot be *assumed* that Janice Young was a "policymaker" for the City of Crestview.

### III.     Conclusion

Defendant Janice F. Young, as City Clerk, respectfully request that this Court dismiss Singletary's Amended Complaint for the reasons stated above.

Respectfully submitted this 7th day of November 2011.

>  COPPINS MONROE
>  ADKINS & DINCMAN, P.A.
>
>  *s/ Zackery A. Scharlepp*
>  Gwendolyn P. Adkins; FBN: 0949566
>  Zackery A. Scharlepp, FBN: 0085374
>  P. O. Drawer 14447
>  Tallahassee, Florida 32317-4447
>  Telephone:   (850) 422-2420
>  Facsimile:    (850) 422-2730
>  gadkins@coppinsmonroe.com
>  zscharlepp@coppinsmonroe.com
>
>  ATTORNEYS FOR DEFENDANT
>  JANICE F. YOUNG, AS CITY CLERK

### CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

>  */s/ Zackery A. Scharlepp*
>  Attorney